UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF:

THE COMPLAINT OF PARADISE
FAMILY, LLC, AS OWNER, AND
ANOTHER DAY IN PARADISE BOAT           Case No. 8:20cv-1452-T-02CPT
CLUB, LLC AND SARAH ZIELKE,
AS OWNERS *PRO HAC VICE*, OF THE
*M/V JUST ADD MIST* (HIN: STR51255D818)
IN A CAUSE OF EXONERATION FROM
OR LIMITATION OF LIABILITY
_____/

**O R D E R**

Before the Court is the *Motion to Approve Ad Interim Stipulation and Enter Monition and Injunction* filed by Paradise Family, LLC, as Owner, as well as by Another Day In Paradise Boat Club, LLC and Sarah Zielke, as Owners Pro Hac Vice (collectively, Petitioners). (Doc. 2). For the reasons discussed below, the Petitioners' motion is denied without prejudice.

I.

As alleged in their complaint, the Petitioners are the owners of the M/V JUST ADD MIST (the Vessel) that was involved in a maritime incident on or about January 12, 2020, in the territorial waters in or near Hillsborough County, Florida (the Incident). (Doc. 1 at 1-2). One or more passengers on board the Vessel were allegedly injured during the Incident. *Id.*

Seeking to minimize, if not eliminate, their exposure for the Incident, the Petitioners filed their complaint on June 25, 2020, pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the Act), as well as Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). (Doc. 1). The Petitioners assert that their complaint was filed within six months of their receipt of the first written notice of a possible claim against them arising from the Incident. *Id.* at 2.

Contemporaneously with the filing of their complaint, the Petitioners also submitted an *Ad Interim Stipulation for Costs and Value* (Ad Interim Stipulation) as security for any claims stemming from the Incident. (Doc. 3). The Petitioners represent in that filing that the Vessel and its freight at the time of the Incident were valued at $17,641.39. *Id.* at 2; *see also* (Doc. 1-1).

By way of the instant motion, the Petitioners request that the Court: (1) approve the Ad Interim Stipulation; (2) issue a monition directing all potential claimants to join in this action; and (3) impose an injunction staying prosecution of any claim related to the Incident in any other forum. (Doc. 2).

II.

The Act grants a vessel owner the right to confine its liability for damages or injuries arising from a maritime accident to the vessel's value or the owner's interest in the vessel and pending freight, provided that the accident occurred without the owner's privity or knowledge. 46 U.S.C. § 30505; *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996). Federal courts have "exclusive admiralty

jurisdiction" to determine whether a vessel owner is entitled to such a limitation of liability.  *Beiswenger*, 86 F.3d at 1036-37 (citations omitted).

Both the Act and Supplemental Rule F set forth the procedures for limitation actions.  Pursuant to those provisions, a vessel owner seeking to invoke the Act's protections must file a complaint in federal court for limitation of liability no later than six months after receiving written notice of a claim.   46 U.S.C. § 30511; Fed. R. Civ. P. Supp. F(1).

For the benefit of claimants, the owner must also deposit with the court (1) a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or (2) approved security therefor.[1]  *Id.*  "The posting of proper and adequate security is a condition precedent to obtaining the benefits of [the Act], and [a] district court [has] discretion to require the [owners] to post security in one of the approved forms."  *New York Marine Managers, Inc. v. Helena Marine Serv.*, 758 F.2d 313, 317 (8th Cir. 1985) (internal citation omitted); *see also Luhr Bros. Inc. v. Gagnard*, 765 F. Supp. 1264, 1268 n.4 (W.D. La. 1991) ("The court possesses great discretion in determining just what constitutes appropriate security.") (citing *Complaint of Kingston Shipping Co., Inc.*, 1982 A.M.C. 134 (M.D. Fla. 1981)); *Karim v. Finch Shipping Co.*, 1998 WL 713396, at *1 (E.D. La. Oct. 6, 1998) ("The Court has an absolute right to determine what constitutes approved security.") (internal quotation marks and citation omitted).

---

[1] The owner may also elect to transfer such interests to a court-appointed trustee.  *Id.*

Once the vessel owner complies with the above provisions, the Act authorizes the court to stay all proceedings against the owner or the owner's property with respect to the matter in question, and to direct all potential claimants to file their claims against the owner in district court within a specified period. Fed. R. Civ. P. Supp. F(3), (4).

In this case, as noted above, the Petitioners request that the Court approve their Ad Interim Stipulation for the value of their interest in the Vessel and pending freight as security for all those who may file claims in this action. (Doc. 3). "Security is a 'term that is usually applied to an obligation, pledge, mortgage, deposit, lien, etc., given by a debtor in order to make sure the payment or performance of [its] debt, by furnishing the creditor with a resource to be used in case of failure in the principal obligation.'" *In re Hollis B. Corp.*, 2016 WL 8732310, at *5 n.1 (D. V.I. Sept. 30, 2016) (quoting *Black's Law Dictionary* (rev. 4th ed. 1968)). The term "security" "may also refer 'to one who becomes surety or guarantor for another.'" *Id*.

While ad interim stipulations are often deemed adequate to safeguard the interests of potential claimants, *The Ontario No. 1*, 80 F. 2d 85, 87 (2d Cir. 1935), the Petitioners' stipulation gives the Court pause. In that stipulation, the Petitioners state they will:

> [P]ay and/or deposit a surety bond in the Court's registry, within fifteen (15) days after the entry of an Order confirming the report of a commissioner to be appointed to appraise the amount or value of the Petitioner's interest in the Vessel, the amount or value of such interest is thus ascertained and ordering the posting of said bond, if demanded by any Claimant, or alternatively will file in this proceeding a Joint Stipulation for Value in the usual form, and that after giving of the Joint Stipulation for Value in the usual form, this *Ad Interim*

4

> Stipulation shall stand as security for all claims in [this] proceeding *in lieu* of said bond, until such time as any Claimant demands the posting of a bond or the Court so orders.

(Doc. 3 at 2).

"[W]hen a shipowner submits an *ad interim* stipulation, the stipulation is 'a substitute for the vessel itself.'"  *In re Hollis B. Corp.*, 2016 WL 8732310, at *5 (quoting *Hartford Accident & Indemnity Co. v. S. Pacific Co.*, 273 U.S. 207, 218-19 (1927)).  To qualify as "approved security" under Supplemental Rule F sufficient to protect the interests of claimants, "an *ad interim* stipulation should [therefore] provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust 'for the benefit of [the claimants].'"  *Id.* (quoting Fed. R. Civ. P. Supp. F(1)).

The Petitioners' Ad Interim Stipulation, however, does not identify a surety that would guarantee payment of any potential obligations in this action.  *Cf. In re Everglades Island Boat Tours, LLC*, 2013 WL 315468, at *2 (M.D. Fla. Jan. 9, 2013) (approving ad interim stipulation stating that surety will be executed by International Fidelity Insurance Company); *In re Chambers*, 2010 WL 55580, at *1 (M.D. Fla. Jan. 5, 2010) (noting that ad interim stipulation was supported by OneBeacon Insurance Company as surety).

Nor is the Ad Interim Stipulation accompanied by a letter of undertaking (LOU) guaranteeing such payment.  LOUs are customarily offered by petitioners who opt to post security in lieu of depositing cash into the court's registry.  *See In the Matter of Carpe Diem 1969 LLC*, 2018 WL 1463687, at *2 (D. V.I. Mar. 23, 2018) (citations omitted) (stating that ad interim stipulations should require "at the very

5

least" an LOU "executed by an appropriate surety" in order to "provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust"); *In re Nat. Maint. & Repair, Inc.*, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009) (quoting *Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979)) ("'Approved security' includes letters of undertaking, as 'it has been the practice for many years in the maritime industry to accept letters of undertaking given by underwriters, domestic or foreign, in order to avoid the detention of vessels and the expense of posting security in other forms.'").

Absent such assurances, the Court is not persuaded that the Ad Interim Stipulation will protect claimants in the manner contemplated by the Act and the Supplemental Rules, even with the Petitioners' vow to file in the future a "Joint Stipulation for Value in the usual form." (Doc. 3 at 2); *see, e.g., Matter of Complaint of Carpe Diem 1969 LLC*, 2019 WL 332792 (D. V.I. Jan. 25, 2019) (approving amended ad interim stipulation that cured initial deficiencies of failing to identify a surety or provide an LOU guaranteeing surety's payment).

Accordingly, the Petitioners' *Motion to Approve Ad Interim Stipulation and Enter Monition and Injunction* (Doc. 2) is denied without prejudice.

DONE and ORDERED in Tampa, Florida, this 29th day of June 2020.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record