UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF:

THE COMPLAINT OF PARADISE
FAMILY, LLC, AS OWNER, AND
ANOTHER DAY IN PARADISE BOAT          Case No. 8:20-cv-1452-T-02CPT
CLUB, LLC AND SARAH ZIELKE,
AS OWNERS *PRO HAC VICE*, OF THE
*M/V JUST ADD MIST* (HIN: STR51255D818)
IN A CAUSE OF EXONERATION FROM
OR LIMITATION OF LIABILITY
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on referral for consideration of the *Petitioners' Unopposed Motion for Entry of Final Default Judgment for Exoneration against all Non-Appearing Potential Claimants*. (Doc. 21). For the reasons discussed below, I respectfully recommend that the Petitioners' motion be granted.

I.

As alleged in its complaint, Petitioners Paradise Family, LLC, Another Day In Paradise Boat Club, LLC, and Sarah Zielke are the owners of the vessel named JUST ADD MIST (the Vessel), which was involved in a maritime incident on or about January 12, 2020, in the territorial waters in or near Hillsborough County, Florida (the

Incident). (Doc. 1 at 1-2). According to the Petitioners, one or more passengers on board the Vessel were injured during the Incident. *Id.*

Seeking to minimize, if not eliminate, their exposure for the Incident, the Petitioners filed their complaint on June 25, 2020, pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the Act), as well as Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). (Doc. 1).

On July 6, 2020, the Court approved the Petitioners' ad interim stipulation for value, directed the issuance of a monition instructing all potential claimants to join in this action, and ordered that a notice of monition be published in accordance with Supplemental Rule F and the Local Admiralty Rules, as well as mailed to every person known to have made any claim arising out the Incident against the Petitioners or the Vessel. (Doc. 11). The Petitioners thereafter published the notice of monition in the *Tampa Bay Times* on July 12, July 19, July 26, and August 2, 2020 (Doc. 13), and also mailed the notice to all known claimants (Doc. 21 at 2).

The notice of monition established a September 15, 2020, deadline for all persons or corporations with claims arising from the Incident to file such claims with the Clerk of Court and to serve a copy on the Petitioners' attorneys. (Doc. 12). The notice further advised that a failure to timely file a claim or answer could result in a waiver of the right to do so. *Id.*

Only one claim—by Pirate Water Taxi, LLC—was filed prior to the September 15 deadline. (Doc. 15). Another potential claimant, Umarr Sesay, settled with the Petitioners and was dismissed from the case. (Docs. 16, 18).

As to all other non-appearing potential claimants, the Petitioners moved for the entry of a Clerk's default (Doc. 17), and the Clerk of Court entered such a default on September 17, 2020 (Doc. 20).

By way of the instant motion, the Petitioners seek a default judgment against the non-appearing potential claimants pursuant to Federal Rule of Civil Procedure 55(b)(2) and Supplemental Rule F(5). (Doc. 21). The claimant, Pirate Water Taxi, LLC, does not oppose this relief. *Id.* at 5.

Shortly after the Petitioners filed their motion, another potential claimant, Monica Gaddy, appeared *pro se* and requested an extension of time to obtain counsel. (Doc. 24). The Petitioners opposed that extension. (Doc. 26). Following an October 22, 2020, hearing on the matter, the Court granted Gaddy two weeks to secure counsel. (Doc. 30). Gaddy timely retained an attorney (Docs. 31, 32) and settled her claim with the Petitioners on November 12, 2020 (Doc. 38).

No other defaulted potential claimants have appeared or otherwise objected to the entry of a default judgment.

## II.

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Civ. P. 55(a). After the entry of a Clerk's default, a plaintiff may apply for a default judgment either to the Clerk or to the Court. Fed. R. Civ. P. 55(b). This two-step procedure has been found to apply in admiralty cases, which—like this one—are brought pursuant to the Act. *See, e.g., In re Complaint of Wild Fla. Airboats, LLC*, 2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017) (citation omitted).

In such cases, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and for the filing of claims. Supplemental Rule F(4) states, in pertinent part:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4).

Supplemental Rule F(5) further instructs that, once notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided." Fed. R. Civ. P. Supp. F(5). Supplemental Rule F(5) also provides that, "[i]f a claimant desires to contest either the right to exoneration from or the right to limitation

4

of liability, the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

Under these rules, a default judgment is warranted against each party who fails to file a claim within the period designated by the Court, provided that the petitioner has supplied the requisite notice. *See Matter of Freedom Marine Sales, LLC*, 2019 WL 3848875, at *2 (M.D. Fla. July 31, 2019), *report and recommendation adopted*, 2019 WL 3835945 (M.D. Fla. Aug. 15, 2019); *Matter of Newport Freedog, LLC*, 2018 WL 3687986, at *2 (M.D. Fla. July 16, 2018), *report and recommendation adopted sub nom.*, *Newport Freedog, LLC v. Pepin*, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018); *Matter of Pepin*, 2018 WL 4762896, at *1 (M.D. Fla. July 17, 2018); *In re Petition of Holliday*, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015).

Here, as noted above, the Petitioners have complied with the notice requirements, and only one entity has disputed their right to exoneration from or limitation of liability. The notice expressly stated that the deadline for filing a claim or answer was September 15, 2020, and that the failure to comply with this deadline could result in a waiver of the right to submit such pleadings. (Doc. 12). The time for filing claims has since expired, and a Clerk's default has been entered against all non-appearing claimants. (Doc. 20). Accordingly, the entry of a default judgment is now permitted. In addition, in accordance with Federal Rule of Civil Procedure 54(b), and given the nature of the claims in this action, I find that there is no just reason for delay in entering such a judgment.

5

III.

Based on the foregoing, I recommend that the Court:

1. Grant the *Petitioners' Unopposed Motion for Entry of Final Default Judgment for Exoneration against all Non-Appearing Potential Claimants* (Doc. 21); and

2. Direct the Clerk of Court to enter a Final Judgment for Exoneration by Default in the Petitioners' favor and against all claimants having an interest in this matter who failed to appear in this action.

Respectfully submitted this 17th day of November 2020.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable William F. Jung, United States District Judge
Counsel of record
Any unrepresented party